# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harry W. Jr.,**
**Petitioner Below, Petitioner**

**vs)   No. 16-1222** (Hampshire County 16-C-95)

**John T. Murphy, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Harry W. Jr.,[1] pro se, appeals the December 13, 2016, order of the Circuit Court of Hampshire County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Robert L. Hogan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Hampshire County grand jury on May 13, 2013, on three counts of sexual assault in the first degree; eight counts of sexual abuse in the first degree; and three counts of sexual abuse by a person in a position of trust to a child. On November 14, 2013, pursuant to a plea agreement, petitioner pled guilty to eight counts of sexual abuse in the first degree, and the remaining charges in the indictment were dismissed.

Petitioner's plea agreement was binding on the circuit court insofar as it limited the circuit court's ability to run petitioner's sentences consecutively with regard to no more than five of the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

eight counts to which he pled guilty. Otherwise, sentencing was at the discretion of the circuit court.

Under the plea agreement, petitioner was free to argue for probation or that his sentences should run concurrently. However, at the November 14, 2013, plea hearing, the circuit court made clear to petitioner that whether he received probation was solely at the court's discretion. Moreover, as a part of the plea colloquy,[2] the circuit court questioned petitioner whether he was promised anything in exchange for his guilty pleas that was not included in the plea agreement:

> THE COURT:   All right. Are you entering this plea today freely, voluntarily, and of your own free will?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT: Did anyone pressure or intimidate you to enter this plea?
>
> THE DEFENDANT:   No, sir.
>
> THE COURT: Did anyone promise you anything in exchange for entering this plea?
>
> THE DEFENDANT:   No, sir.

The circuit court also asked petitioner if he had any complaints about his trial attorney. Petitioner responded, "No, sir." Petitioner informed the circuit court that his trial attorney did "a good job" for him. The circuit court also discussed with petitioner the constitutional rights that he would be giving up by pleading guilty. Finally, the circuit court explained to petitioner the purpose of a plea colloquy—using probation as an example—as follows:

> THE COURT:   And[,] that's why we're going through all of these questions and answers so that you don't come back later and say, well, I didn't understand or I didn't do this, I thought the [j]udge would give me *probation*, or something like that:
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Do you understand?
>
> THE DEFENDANT:   Yes, sir.

(emphasis added).

---

[2]*See Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

The presentence investigation report and a diagnostic psychological evaluation of petitioner noted that he was a sixty-eight-year old male with a fourth grade education and a prior criminal record.[3] Both reports noted that the victim was eleven years of age at the time of the offenses to which petitioner pled and that she was a member of petitioner's extended family.

At the April 11, 2014, sentencing hearing, the circuit court heard from the minor victim, as well as other family members who testified either for or against petitioner's requests for alternative sentencing and probation. At the conclusion of the hearing, the circuit court denied petitioner's requests and sentenced him to an aggregate term of 20 to 100 years of incarceration by running four of the sentences for sexual abuse in the first degree consecutively. In imposing this sentence, the circuit court noted that petitioner was "fifty percent more likely to recidivate than a normal person in [his] age group." The circuit court expressed concern over the fact that petitioner believed that he did not need treatment and "somehow educated [the victim] on what she [was] to expect as an adult." The circuit court noted that the diagnostic report found that "this wasn't [petitioner's] first offense" and that there were indications that petitioner had "deviant patterns of sexual arousal . . . specifically [focused] on prepubescent children."

Subsequently, petitioner appealed his convictions and sentence. In *State v.* [*Harry W.*] *("Harry W. I")*, No. 14-0546, 2015 WL 3875809, at *2-4 (W.Va. June 22, 2015) (memorandum decision), this Court affirmed the circuit court's judgment, finding as follows: (1) petitioner entered his guilty pleas knowingly and voluntarily; (2) petitioner's belief that he was trying to "teach" the victim, rather than engaging in acts for his sexual gratification, did not invalidate his guilty pleas when those pleas were knowingly and voluntarily made; and (3) petitioner's sentence was not disproportionately cruel or unusual.[4] In making the first two determinations, this Court found that "[t]he record reflects that petitioner *unequivocally advised* the circuit court that he understood his rights; that he wished to plead guilty to the crimes charged; *and that no one had unduly influenced him to plead guilty.*" *Id.* at *2 (emphasis added). In making the third determination, this Court rejected petitioner's argument that, given his advanced age, his aggregate sentence was tantamount to a life term of incarceration, finding that he "avoided an even lengthier sentence by availing himself of a plea agreement." *Id.* at *4.[5]

---

[3]Petitioner's prior criminal history, originating in the State of South Carolina, consisted of charges for driving on a suspended license (in 1999 and 2003); a 2000 charge for breach of peace; and a 2013 charge for assault/battery. Petitioner advised the circuit court that he also had a conviction for driving while intoxicated in the Commonwealth of Virginia in 1976, although that charge did not appear on petitioner's criminal arrest record.

[4]In addition, this Court found no error in the circuit court's denial of the requests for alternative sentencing and probation, noting that "it is clear that petitioner was not entitled to alternative sentencing." *Id.* at *5.

[5]Following this Court's affirmation of his convictions and sentence in *Harry W. I*, petitioner filed a motion for reduction of sentence, which the circuit court denied by order entered on October 6, 2015. Subsequently, this Court affirmed the circuit court's October 6, 2015, order in (Continued . . .)

3

On December 5, 2016, petitioner filed pro se a petition for a writ of habeas corpus, raising two interrelated grounds for relief: that his attorney (1) induced him to plead guilty by falsely promising that he would be guaranteed probation and (2) incorrectly advised him to accept the plea agreement given that the agreement exposed him to "a probable life sentence." In asserting these issues, petitioner conceded that he previously raised them as assignments of error in his criminal appeal.

By order entered on December 13, 2016, the circuit court found that, though re-raised under the guise of ineffective assistance of counsel, petitioner's grounds for relief were substantially similar to the assignments of error rejected by this Court in *Harry W. I*. The circuit court found that this Court in *Harry W. I* determined that "[t]he record reflects that petitioner *unequivocally advised* the circuit court that he understood his rights; that he wished to plead guilty to the crimes charged; *and that no one had unduly influenced him to plead guilty*." 2015 WL 3875809, at *2 (emphasis added). The circuit court further found that this Court in *Harry W. I* determined that petitioner's aggregate sentence was not disproportionately cruel or unusual despite his argument that it was tantamount to a life term of incarceration. *Id.* at *4. Similar to this Court's finding in *Harry W. I*, the circuit court determined that petitioner's acceptance of the plea agreement "limited [his sentencing] exposure." The circuit court noted that petitioner's attorney was responsible for negotiating the plea agreement.

Given this Court's finding in *Harry W. I* that petitioner entered his guilty pleas knowingly and voluntarily, the circuit court found that, "[f]or the [c]ourt to make a finding that [p]etitioner's [c]ounsel falsely promised . . . probation, this [c]ourt would have to make a finding that [petitioner] testified falsely when questioned at the [plea] hearing." The circuit court concluded that "[s]uch a finding is not warranted by the facts." Accordingly, the circuit court denied petitioner's habeas petition.

Petitioner now appeals the circuit court's December 13, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that a memorandum decision "address[es] the merits of the case." Accordingly, our memorandum decision in *Harry W. I* constitutes an

---

*State v. Harry W. ("Harry W. II")*, No. 15-1080, 2016 WL 5345782, at *3 (W.Va. September 23, 2016) (memorandum decision).

adjudication on the merits. *See In Re: T.O.*, 238 W.Va. 455, 463, 796 S.E.2d 564, 572 (2017); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014).

On appeal, petitioner contends that the circuit court should have appointed habeas counsel and held an evidentiary hearing prior to ruling on his petition. Respondent counters that the circuit court properly denied the habeas petition. We agree with respondent.

Petitioner is correct that allegations of ineffective assistance of counsel often must be litigated in a collateral proceeding. *State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997); *Losh v. McKenzie*, 166 W.Va. 762, 767, 277 S.E.2d 606, 610 (1981). However, Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings provides for the summary disposition of a habeas petition "if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated." *See* West Virginia Code § 53-4A-3(a) (same).

We concur in the circuit court's finding that the allegations of ineffective assistance set forth in petitioner's petition were contradicted by both his testimony at the November 14, 2013, plea hearing and our findings in *Harry W. I*. We found in *Harry W. I* that petitioner's testimony reflected that he "*unequivocally advised* the circuit court that he understood his rights; that he wished to plead guilty to the crimes charged; *and that no one had unduly influenced him to plead guilty.*" 2015 WL 3875809, at *2 (emphasis added). In *Harry W. I.*, we also rejected petitioner's argument that his aggregate sentence was tantamount to a life term of incarceration, finding that the plea agreement negotiated by petitioner's attorney allowed him to "avoid an even lengthier sentence." *Id.* at *4. Therefore, we find that the claims set forth in the petition were previously and finally adjudicated. We conclude that the circuit court properly denied petitioner's habeas petition without appointment of counsel or an evidentiary hearing.

For the foregoing reasons, we affirm the circuit court's December 13, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5